FILED
CLERK

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK    2010 NOV -1 PM 3: 12
---------------------------------------------------------------- x
                                    U.S. DISTRICT COURT
WAYNE WOODS,                        EASTERN DISTRICT
                                    OF NEW YORK
                                    Plaintiff    CV 10-5043
                                                 COMPLAINT

        -against-

THE CITY OF NEW YORK, POLICE OFFICER DAVID
BOWMAN, shield # 16034, POLICE OFFICER ALBERT     Jury Trial Demanded
ROMANO, shield # 22490, POLICE OFFICER JOSEPH                         MAUSKOPF, J.
IMPERATRICE, shield # 24955 , SERGEANT JOSEPH
DURANTE, shield # 521, JOHN DOES 1-5,
                                                                      GOLD, M.J.
                                            Defendants

----------------------------------------------------------------

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and New York City Police Officers employed in the 70th Precinct alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on August 26, 2009, in Brooklyn, defendants falsely arrested him for being a lookout for others selling marijuana, unlawfully strip searched him, and made false allegations about him to prosecutors. The false charges were adjourned in contemplation of dismissal on May 12, 2010. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

4. Plaintiff is a resident of Kings County.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer David Bowman, Police Officer Albert Romano, Police Officer Joseph Imperatrice, Sergeant Joseph Durante, and John Does 1-5 are New York City Police Officers employed in the 70th Precinct. Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. On August 26, 2009, at approximately 10:00 p.m., plaintiff was sitting on his stoop in front of his residence at 2109 Regent Place in Brooklyn.

8. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

9. At the above time and place, defendants arrived on the scene and searched the front yard of plaintiff's apartment building and seized plaintiff and searched him without legal cause.

10. Nothing illegal was found on plaintiff.

11. The defendants, acting in concert, formally arrested plaintiff and put him in a van where he was held handcuffed for approximately 90 minutes.

12. Plaintiff was taken to the 70th Precinct.

13. Inside the precinct, one of the defendants, with the acquiescence of the other defendants, strip searched plaintiff..

14. Nothing illegal was found on plaintiff.

15. The strip search of plaintiff was illegal because plaintiff had not committed a crime and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

16. While plaintiff was confined in a cell in the precinct, plaintiff's designated "arresting officer," David Bowman, pursuant to an agreement with the other defendants, misrepresented in police reports that plaintiff was observed being a lookout for others selling marijuana.

17. Plaintiff was later taken to Brooklyn Central Booking.

18. While plaintiff was held in Central Booking, David Bowman, pursuant to an agreement with the other defendants, misrepresented to the King County District Attorney's Office that plaintiff was observed being a lookout for others selling marijuana.

19. As a result of defendants' misrepresentation, charges were filed and plaintiff was required to appear before a judge for arraignment in night court on August 28, 2009.

20. The judge released plaintiff on his own recognizance.

21. On May 12, 2010, the false charges were adjourned in contemplation of dismissal.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 48 hours, deprived of his liberty, and suffered emotional distress, mental anguish, fear, anxiety, and humiliation.

## FIRST CLAIM

### (FALSE ARREST)

23. Plaintiff repeats the foregoing allegations.

24. Defendants' arrest of plaintiff was unlawful because plaintiff did not commit a crime or violation on August 26, 2009 and no police officer observed plaintiff acting in a manner that day which gave rise to probable cause.

25. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (ILLEGAL STRIP SEARCH)

26. Plaintiff repeats the foregoing allegations.

27. Defendants' strip search of plaintiff or their failure to intervene was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

28. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## THIRD CLAIM

### (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

29. Plaintiff repeats the foregoing allegations.

30. Defendants maliciously commenced a bogus prosecution against plaintiff by misrepresenting to the King County District Attorney's Office that plaintiff was observed being a lookout for others selling marijuana.

31. Defendants' misrepresentation deprived plaintiff of his liberty.

32. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying plaintiff a fair trial.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

33. Plaintiff repeats the foregoing allegations.

34. The City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

35. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

36. Defendant Bowman was sued for civil rights violations in *Edouard v. City of New York*, 09 CV 4271 (EDNY), which the City settled in 2010.

37. Defendant Romano was sued for civil rights violations in *Edouard v. City of New York*, 09 CV 4271, which the City settled in 2010.

38. Defendant Joseph Imperatrice was sued for civil rights violations in *Russell v. City of New York*, 09 CV 2759 (EDNY), which the City settled in 2010.

39. Sergeant Joseph Durante was sued for civil rights violations in *Miller v. City of New York*, 04 Civ. 08061 (SDNY), which settled in 2005, and in *Thorpe v. City of New*

*York*, 09 CV 2029 (EDNY), which settled in 2010. Durante is presently being sued for civil rights violations in *Naim, et al., v. City of New York*, 10 CV 912 (EDNY).

40. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: October 27, 2010
Brooklyn, New York

*Izabel O. Garcia*
IZABEL OLSZOWA GARCIA
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 855-4835